BERIO, DEMANDANTE Y APELANTE, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre entrega de bienes y otros extremos.

No. 1363.—Resuelto en julio 24, 1916.

OPINIÓN DEL JUEZ—TRANSCRIPCIÓN DE AUTOS—DESESTIMACIÓN DE APELACIÓN.— La opinión del juez sentenciador no forma parte necesaria de los autos hasta el punto de que la omisión de la misma en la transcripción no pueda dar lugar a la desestimación del recurso, por más que es buena práctica incluirla para mayor ilustración del tribunal. Contra la sentencia y no contra la opinión es que se interpone el recurso.

ID.—EXPOSICIÓN DEL CASO—OMISIÓN DE HECHOS EN LA OPINIÓN—APRECIACIÓN DE LAS PRUEBAS.—Ningún perjuicio se causa a la parte con la omisión en la opinión de hechos que el juez estime innecesario consignar, pues lo que verdaderamente interesa a las partes es que los hechos del pleito, tales cuales los tuvo a su consideración la corte inferior, consten en el escrito de exposición del caso.

DAÑOS Y PERJUICIOS—MERCANCÍAS REMITIDAS POR FERROCARRIL—ENTREGA A UN AGENTE—RESGUARDOS O CARTAS DE PORTE.—Cuando mercancías remitidas por ferrocarril son entregadas a un agente debidamente autorizado por el consignatario para recibirlas, tal entrega produce el mismo efecto que si se

hubiera hecho al propio consignatario aunque no mediara la presentación del resguardo o carta de porte y no cabe exigir responsabilidad alguna al porteador por pérdida de las mercancías después de recibidas por el agente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Herminio Díaz Navarro.*

Abogados de la apelada: *Sres. José de Diego* y *F. G. Pérez Almiroty.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La presente es una acción ejercitada ante la Corte de Distrito de San Juan, Sección 1ª., por Gaspar Berio contra The American Railroad Company of Porto Rico, para obtener de la demandada indemnización de daños y perjuicios por falta de entrega de mercancías consignadas desde Mayagüez a Bayamón a favor del demandante y entregadas a otra persona en cuyo poder se quemaron.

Celebrado el juicio la expresada corte dictó sentencia en 18 de noviembre de 1914 por la que declara sin lugar la demanda con imposición de costas y gastos al actor, quien ha interpuesto contra ella recurso de apelación para ante esta Corte Suprema.

En la opinión que sirve de fundamento a la sentencia se consigna como resultado de las pruebas el siguiente:

1°. Que en los últimos días de julio, 1914, la mercantil Sucesores de Frontera, de Mayagüez, envió a la consignación del demandante, con resguardo a su favor, desde la estación del ferrocarril de la demandada en Mayagüez a la de Bayamón de la misma compañía, seis cajas y un fardo de mercancías que debían ser entregados en dicha estación de Bayamón y donde, al recibirlas, sería pagado el precio de transporte.

2°. Que la entrega de las mercancías se hizo en la estación de Bayamón por la compañía demandada a Jaime Gay, dueño de la empresa de automóvil de carga de Corozal, sin la presentación por éste en la estación de Bayamón, al recibir las mercancías, del resguardo expedido al consignatorio.

3°. Que Jaime Gay había celebrado anteriormente en 15 de julio citado un contrato con Gaspar Berio para trasportar al Corozal desde las estaciones de la línea de Cataño las mercancías y efectos de comercio consignados al demandante, y que desde esa fecha sin la presentación de los resguardos expedidos a favor de Berio en las estaciones de la línea de Cataño a Bayamón se entregaban a Jaime Gay o a sus dependientes todos los bultos rotulados para el demandante, verificándose tal entrega en virtud de autorización de carácter general dada por Berio para tomar cuantas cargas hubiera para él en Cataño, Bayamón y San Juan.

4°. Que por Jaime Gay o sus dependientes actuando bajo las condiciones del contrato de transporte mencionado, fueron recibidos de la demandada el día 4 de agosto de 1914, los fardos de que se trata y conducidos al almacén de Gay en el pueblo de Corozal, donde había de tomarlos el demandante para llevarlos a su establecimiento de comercio en los campos de Corozal.

5°. Que en la noche del 4 de agosto ocurrió un incendio en el pueblo de Corozal pereciendo consumidas por el fuego las mercancías de Gaspar Berio que estaban en el establecimiento de Jaime Gay en espera de entrega al demandante.

Entiende la corte inferior que el contrato y la autorización, que el demandante no niega, pero que dice se limitaba a las oficinas de la Línea Férrea del Oeste, incluía también la estación del ferrocarril de The American Railroad Co. of Porto Rico y que la autorización del actor a Gay para tomar sus mercancías sin necesidad de presentar el resguardo era general para todas dichas estaciones, como así resultaba probado por las declaraciones de testigos que merecen entero crédito, por lo que, habiendo obrado Jaime Gay al recibir las mercancías destinadas a Berio debidamente autorizado por éste, no cabe exigir a la demandada responsabilidad civil alguna por la entrega que de ellas hizo a Gay sin presentación del resguardo o carta de porte.

La parte apelante en su alegato escrito ante esta Corte

Suprema solicita la revocación de la sentencia apelada invocando errores de hecho y de derecho que alega haberse cometido por la corte sentenciadora.

Los llamados errores de hecho se hacen consistir:

1°. En que dicha corte al establecer sus *findings* afirma que el demandado negó general y específicamente todos y cada uno de los hechos alegados en la demanda, cuando sólo hubo una negación general.

2°. En que la corte no ha podido hacer declaración alguna sobre hechos distintos de los que dejó en *issue* la negación general de la contestación, siendo esos hechos el de que las mercancías enviadas por el ferrocarril debían ser entregadas en la estación de Bayamón al consignatario y el de que por el jefe de la estación de dicho pueblo se entregaron a una compañía de automóviles sin exigirle resguardo y sin que el demandante autorizara a nadie para recogerlas, no habiendo podido por tanto el demandado levantar y tratar de probar el *issue* de que el demandante hizo un contrato con el dueño de una empresa de transporte para la conducción de todas las mercancías que la demandada le llevara a Bayamón.

3°. En que la corte al declarar probado que el envío de las mercancías se hizo bajo un resguardo omitió expresar que ese resguardo fué el que se protocoló en acta notarial presentada como prueba y admitida sin oposición por la parte contraria.

4°. En que la corte omitió también consignar que bajo ese resguardo se hizo el contrato de expedición entre la compañía y el expedidor y que bajo dicho contrato se expresa ser el título para reclamar la entrega de los efectos.

Los errores expresados no afectan propiamente a la sentencia recurrida sino a la opinión del juez, y esa opinión no forma parte necesaria del récord, hasta el punto de que la omisión de la misma en la transcripción de autos no puede dar lugar a la desestimación del recurso, por más que sea buena práctica incluirla en el récord para mayor ilustración

del tribunal. Los errores en la forma en que han sido alegados pueden existir y sin embargo sostenerse la sentencia apelada. Contra ésta y no contra la opinión es que se interpone el recurso. Lo que verdaderamente interesa a las partes es que los hechos del pleito, tales cuales los tuvo a su consideración la corte inferior, consten en el escrito de exposición del caso para apreciar si ha habido error en la apreciación de las pruebas. Ningún perjuicio causa a la parte la omisión en la opinión de hechos que el juez estimó innecesario consignar.

Por más que la demandada-apelada alegó en la contestación que negaba general y específicamente todos y cada uno de los hechos de la demanda, esa negación fué realmente general y no específica, pero en virtud de ella quedaron sometidos al criterio judicial todos los hechos alegados en la demanda así como los relacionados con los mismos; y prescindiendo del derecho que tenía la parte demandada dentro de su negativa general para demostrar que había entregado las mercancías a persona autorizada para recibirlas, el propio demandante levantó esa cuestión al expresar en la demanda que el jefe de la estación del ferrocarril le había asegurado haber entregado las mercancías a la compañía de automóviles de carga del Corozal. El demandante negó que dicha compañía estuviera autorizada para recibirlas. Además, la evidencia fué ministrada sin oposición del demandante, y una vez practicada en esas condiciones quedó sujeta a la apreciación judicial toda la materia sobre que versó.

Los errores de derecho alegados son los siguientes:

1°. Violación de la ley del contrato en cuanto se ha estimado que faltas cometidas por subalternos de una corporación pueden alterar y dejar sin efecto un contrato de transporte hecho por la misma corporación, de conformidad con su reglamento y con la ley.

2°. Violación de la ley del contrato en cuanto se ha esti-

mado que una supuesta costumbre contra la ley, o supuesto contrato verbal que es una nulidad por falta de facultades de uno de los contratantes, han podido dejar sin efecto otro contrato perfectamente legal.

3°. Violación de los artículos 351, 353 y 355 del Código de Comercio, del artículo 22 del Reglamento de la demandada y de la ley del contrato en cuanto a lo allí estipulado sobre la entrega de los géneros.

El demandante-apelante parte de supuestos erróneos al invocar como motivos del recurso los anteriores errores de derecho, pues no aparece que subalternos de la corporación demandada faltaran a sus deberes entregando las mercancías a persona que no estuviera autorizada para recibirlas. La corte ha estimado que Gaspar Berio y Jaime Gay habían celebrado un contrato para el transporte de las mercancías del primero desde las estaciones en Bayamón de la Línea Férrea del Oeste o del ferrocarril de "The American Railroad Company of Porto Rico" al pueblo de Corozal, y en virtud de ese contrato Gay estaba autorizado para recoger como lo hizo desde la estación de la demandada en Bayamón las mercancías consignadas a Berio desde Mayagüez. De no haber mediado tal autorización la compañía demandada hubiera infringido la ley del contrato en virtud del cual estaba obligada a entregar las mercancías al demandante mediante presentación de la carta de porte; pero siendo como era Gay agente de Gaspar Berio, la entrega hecha a Gay tenía que producir el mismo efecto que si se hubiera hecho al propio Berio, quedando así librada la compañía de toda responsabilidad. El contrato de Berio con Gay no fué supuesto sino real y cierto, y no estaba viciado de nulidad por falta de incapacidad de uno de los contratantes, puesto que los contratantes fueron el propio demandante y Jaime Gay, mayores de edad y en el pleno uso de su personalidad civil.

Todos los errores descansan en el supuesto de que Gay no estaba autorizado para recibir en la estación de la demandada las mercancías consignadas a Berio, como así lo afirma la parte recurrente contra la apreciación de las pruebas hecha por la corte inferior, sin que se haya cuidado de demostrarnos que dicha corte al establecer esa apreciación obró movida por pasión, prejuicio o parcialidad o cometió manifiesto error. La parte apelante no examina o analiza las pruebas para convencernos de que se haya cometido tal error, ni tampoco cita como infringido precepto alguno de la Ley de Evidencia.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.. .*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó "conforme con la sentencia."